**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT MEMPHIS**

| | | |
|---|---|---|
| DAVID SHEFFIELD | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2018-cv-02701-JPM-cgc |
| | § | **JURY TRIAL DEMANDED** |
| INTERNATIONAL PAPER CO. | § | |
| | § | |
| *Defendant,* | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF KENNETH MCCOIN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff David Sheffield ("Plaintiff"), and files this, Plaintiff's Response to Defendant International Paper Co.'s ("Defendant") Motion to Exclude Expert Testimony of Kenneth McCoin, respectfully showing unto the Court the following:

### I.

### Summary

The Court should deny Defendant's motion to exclude testimony from Plaintiff's economist expert Dr. Kenneth McCoin for the following reasons:

1. Dr. McCoin's opinions are reliable, based on proper foundation, and will assist the trier of fact in understanding the economic damages in this case;

2. Defendant's motion should be denied because it constitutes a meritless attempt to exclude routinely accepted testimony regarding loss of future earning capacity which Plaintiff is required to present evidence on during trial in this matter;

3. Dr. McCoin's opinions regarding Plaintiff's loss of earning capacity are grounded in commonly accepted economic principles, appropriate facts and data, and reasonable assumptions; and

4. All of Defendant's objections to Dr. McCoin's testimony go solely to its weight, not its admissibility, and therefore should be handled during cross-examination, not with a motion to exclude.

## II.

## Exhibits

**Exhibit A:**   **Plaintiff's Complaint**

**Exhibit B:**   ***Curriculum Vitae* of Dr. Kenneth McCoin**

**Exhibit C:**   **Report Prepared by Dr. McCoin for David Sheffield**

**Exhibit D:**   **Deposition of David Sheffield**

## III.

## Brief Factual Background

This is a negligence action in which Plaintiff claims damages for the serious and debilitating injuries he suffered as the result of an accident that occurred on June 4, 2018. On that date, Plaintiff was making a delivery to Defendant's mill. While unloading logs from his truck, Plaintiff stepped on a road curb on the Defendant's premises. Unknown to Plaintiff, the curb had been broken, damaged and unstable prior to Plaintiff pulling in. Plaintiff fell as the improperly maintained curb crumbled beneath him, striking his head, neck, and back on the concrete.

Plaintiff subsequently filed suit against Defendant International Paper Co., the owner of the premises, asserting claims of negligence, gross negligence, and premises liability. *See* Ex. A.

During the course of this litigation, Plaintiff retained Dr. Kenneth McCoin—an economist—to perform an appraisal of Plaintiff's loss of earning capacity stemming from his injuries that occurred when he fell on Defendant's improperly maintained curb. Dr. McCoin

holds a Ph.D in economics from the University of Houston and has over 30 years of experience in the field of economics. *See* Ex. B. He has served as an adjunct professor of economics at Houston Baptist University and a guest lecturer at the University of Houston. *Id.* Over the past four years, Dr. McCoin, in his capacity as an economic expert, has been admitted to testify in hundreds of cases in both federal and state courts. *Id.*

As is his usual practice, Dr. McCoin utilized the "below-market-discount method" in his analysis of Plaintiffs' loss of earning capacity. *See Id*. This methodology is commonly accepted by courts across the country in determining earning capacity. *Id*. Moreover, Dr. McCoin reviewed current economic principals, information from Plaintiff, studies and treatises related to work-life expectancy and the value of household services, as well as government statistical data in arriving to his conclusions in his appraisal of Plaintiff's economic loss and earning capacity. *Id.*

Defendant's efforts to exclude the testimony of Dr. McCoin rest primarily on a general allegation that Dr. McCoin's opinions fail to meet any of the four requirements under Federal Rule of Evidence 702. Defendant's sweeping allegation contains unfounded assertions that Dr. McCoin's testimony will not help the trier of fact and that his opinions rely on insufficient facts and unreliable methods. However, considering the methodology, the information reviewed, the facts obtained, as well as Dr. McCoin's education, training, experience, and overwhelmingly extensive history of accepted testimony in this very field, Defendant's motion must be denied.

## IV.

## Argument

**A. Dr. McCoin's opinions regarding Plaintiff's loss of earning capacity are reliable and based on a proper foundation.**

Dr. McCoin's opinions as to Plaintiff's loss of earning capacity are based on a strong and reliable foundation, including information from Plaintiff, past earnings, current economic principles, studies and treatises related to work-life expectancy and the value of household services. Nonetheless, Defendant wishes to exclude Dr. McCoin's opinions based on unfounded allegations that Dr. McCoin used insufficient facts and unreliable methods. Both of these assertions lack merit, and Defendant's motion should be dismissed for the following reasons.

### *i.* *Dr. McCoin's opinions are based on sufficient facts and data.*

Defendant takes issue with Dr. McCoin's opinion of Plaintiff's wage growth, claiming that Dr. McCoin's testimony should be wholly excluded if it does not expressly list Plaintiff's "erratic" past wages, work history, or medical history. A brief review of Dr. McCoin's report wholly dismisses these allegations.

The last page of Dr. McCoin's report includes a list of documents he reviewed in forming his opinions. That list shows Dr. McCoin reviewed Plaintiff's "wage rate", Plaintiff's tax returns from 2013 to 2017, and Plaintiff's deposition. *See* Ex. C. Each of these were sufficient to show Dr. McCoin that Plaintiff's income fluctuated. Thus, Dr. McCoin's report plainly shows that his findings are informed by the very information Defendant's claim he failed to consider.

Defendant's failure to cite the documents Dr. McCoin reviewed underscores the fact that Defendant's motion is, at bottom, aimed at Dr. McCoin's conclusions, not the principles or methods he used to reach them. Such concerns such as these are not properly addressed in a motion to exclude. If Defendant takes issue with Dr. McCoin's opinions, the proper place to voice this opposition, and question Dr. McCoin, would be on cross-examination. This finding would be consistent with Sixth Circuit precedent, and would provide Defendant an appropriate forum to address its concerns. As such, Defendant's motion constitutes an unmeritorious allegation against Dr. McCoin, and Defendant should properly assert its concerns on cross-examination.

Further, Defendant wishes to exclude Dr. McCoin's opinions because he used statistics from the Federal Reserve and Bureau of Labor Statistics, which show the national average for wage growth, in his computation of loss. Defendant contends Plaintiff is not average because his income fluctuated. However, Defendant's motion does not paint a full picture of Plaintiff's income. The following table lists Plaintiff's income, as stated by Plaintiff in his deposition:

| Year | Annual Income | Reference |
|------|---------------|-----------|
| 2013 | $33,983 | Ex. D at 60:5-14 |
| 2014 | $15,337 | Ex. D at 51:14-24 |
| 2015 | $20,106 | Ex. D at 51:14-24 |
| 2016 | $33,843 | Ex. D at 34:18-35:6 |
| 2017 | $41,310 | Ex. D at 33:9-12 |

Indeed, Defendant rightfully pointed out that in 2014 and 2015 Plaintiff did not work

the full year. *See* Defendant's Mot. at 3-5. However, Defendant' memorandum creates a patchwork picture of these figures, while repeatedly reminding the court that Plaintiff often did not drive his truck if weather conditions were bad. *Id*. These contentions do not provide evidence that average worker statics should not apply to Plaintiff. In fact, under Sixth Circuit precedent, just the opposite is true. Expert reliance on statistics has been recognized as commonplace, and the Sixth Circuit has held that "[w]hen calculating earning-capacity factors such as projected salary and years in the workforce, *experts often consult actuarial tables, Bureau of Labor Statistics figures, or other averages* along with the plaintiff's historical earnings. *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 728 (6th Cir. 2012) (emphasis added).

Defendant's motion attacks Dr. McCoin's conclusions and Plaintiff's work life, but it fails to contest the sufficiency of the facts or data. Plaintiff's income was obtained through tax records, one of the most reliable forms of obtaining this information. Further, application of national statistics is appropriate, because, when Plaintiff's income is candidly stated, it is clear that Plaintiff is not the outlier employee Defendant wishes to portray. When Plaintiff worked a full year, he made a consistent income. Dr. McCoin reviewed these figures in reaching his conclusion, and there is no logical reason why his testimony should be excluded on a supposed insufficiency of facts or data.

### ii.   *Dr. McCoin's opinions are the product of reliable principles and methods, and resulted from the reliable application of those principles and methods.*

Defendant's assertions regarding the principles used by Dr. McCoin suffer from the same fallacies as its claim that Dr. McCoin relied on insufficient facts. Specifically,

Defendant's argument attacks Dr. McCoin's estimates, not his methods. Defendant asserts that Dr. McCoin's opinion fails to consider "the particulars . . . concerning Plaintiff's work or medical history" in reaching his conclusion regarding Plaintiff's remaining work life. However, Dr. McCoin's report provides ample evidence that he considered these, and multiple other factors, in reaching his conclusion.

Dr. McCoin based his calculations on the facts and data available at the time of making his reports. While there are arguably inherent limitations in making a calculation of future earning capacity, Sixth Circuit precedent provides that "predictions about future earning potential are necessarily somewhat speculative, an exact calculation of what the plaintiff could have earned but for the injury is not required." *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 726 (6th Cir. 2012). Similarly, this court has noted that estimates of future earning capacity "are inherently speculative to some degree". *Askew v. City of Memphis*, No. 14-CV-02080-STA-TMP, 2016 WL 4533587, at *7 (W.D. Tenn. Mar. 15, 2016). As such, a court must be sure not "to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." Fed.R.Evid. 702 advisory committee's note, 2000 amend.

Following this Legislative guidance, the Sixth Circuit has clarified that "ejection of expert testimony is the exception, rather than the rule, and we will generally permit testimony based on allegedly erroneous facts when there is some support for those facts in the record". *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008). This is because "mere 'weaknesses in the factual basis of an expert witness' opinion ... bear on the weight of the evidence rather than on its admissibility.'" *Askew*, at *7 (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)). Here the record provides ample support for this court

to permit Dr. McCoin's testimony.

Dr. McCoin's calculations are based upon judicially accepted methods, and are useful tools to assist the trier of fact. Dr. McCoin followed Sixth Circuit precedent in calculating Plaintiff's future lost earning capacity. *See* Ex. C. That means Plaintiff's lost earning capacity was calculated on what he was earning at the time he was injured. *Id.* This is expressly stated in Dr. McCoin's report. *Id*. Whether Plaintiff actually works more or less in the future does not factor into Dr. McCoin's calculation using the "below-market-discount-method." Dr. McCoin's opinions are based on what Plaintiff was earning at the time he was injured. This is a commonly used and judicially approved method of calculating loss of earning capacity.

Dr. McCoin provides an accurate forecast of Plaintiff's earnings from the time of the incident projected into the future. To the extent that Defendant disagrees with this calculation or with his assumptions, they can cross-examine Dr. McCoin at trial. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529-30 (6th Cir. 2008). Dr. McCoin presents the figures in his methodology to be used as a tool by the trier of fact in coming to a determination regarding loss of earning capacity. In fact, if the jury does not believe the evidence supports a loss of future earning capacity after listening to the evidence, they are free to come to that finding during deliberations. It does not, however, render Dr. McCoin's testimony inadmissible. If anything, Defendant's argument is best left to cross-examination and closing arguments to the jury, who will ultimately make a decision regarding Plaintiff's loss of earning capacity in the past and future. *Id. at* 531-32 ("the jury was free to give [the expert's] opinion little or no weight, and to credit instead Defendants' attacks").

### B.  Dr. McCoin's Testimony Will Be Helpful to the Jury.

Moreover, Dr. McCoin's report and calculations take into account factors that are not

common knowledge in assessing lost wages, such as reduction of earnings to present value, anticipated growth rate of income, reduction for work probability, reduction for work costs, and reduction for income taxes. Clearly, there is nothing arbitrary about Dr. McCoin's reports or opinions as they are based solely on the facts underlying this suit and his economic expertise. *See* Ex. C. Furthermore, the calculations and methodology that must be used in determining loss of earning capacity (according to the relevant case law) are not within the general province of the jury. Specifically, Dr. McCoin's testimony will aid the trier of fact in determining Plaintiff's loss of earning capacity, if any, by explaining the factors that are necessary in determining earning capacity, and the mathematics that are utilized to come to a final determination. To suggest such testimony would not be helpful for the jury is meritless, and should be rejected.

Accordingly, there is clear correlation between the facts and Dr. McCoin's opinions, and his testimony is relevant, reliable, and helpful in assisting the jury in determining damages that they will be asked to assess during the trial of this case. Therefore, Defendant's motion must be denied.

### C. Defendant's Arguments Go to the Weight, Not the Admissibility of Dr. McCoin's Testimony

Finally, Defendant's arguments go towards the weight, and not the admissibility, of Dr. McCoin's opinions. Any quibbles Defendant has with Dr. McCoin's opinions should be addressed during cross-examination, not in a pre-trial motion to exclude. *Little Hocking Water Ass'n, Inc. v. E.I. du Pont de Nemours and Co.*, 90 F.Supp.3d 746 (S.D. Ohio 2015) ("Where the reliability of the evidence is in dispute, it is more appropriate for a judge to admit the evidence than to keep it from the fact-finder because vigorous cross-examination, presentation

of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (internal citations omitted).

Specifically, Defendant repeatedly attacks the Dr. McCoin's conclusions, and poses multiple hypotheticals that should be directed to Dr. McCoin. *See* Defendant's Mot. at 8-9. Aside from the listing hypotheticals, Defendant's motion provides no legal reason why Dr. McCoin's opinions should not be trusted. Any quarrels Defendant may have with Dr. McCoin's choices to use commonly applied statistics and adopt generally accepted wage rates should be left to cross-examination of Dr. McCoin on the stand. Such arguments have nothing to do with Dr. McCoin's qualifications or admissibility in this case.

In sum, Dr. McCoin's opinions are based on the underlying facts, available data, reasonable assumptions, and commonly accepted economic principles. His opinions, therefore, are both reliable and based on a proper foundation. Accordingly, the Court should deny Defendant's motion and allow Dr. McCoin to testify.

## V.

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Sheffield prays this Court deny Defendant International Paper Co.'s Motion to Exclude Expert Testimony of Kenneth McCoin, and for such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Roland Christensen*
Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj D. Boatright
SBN:  24036237
cboatright@arnolditkin.com
Roland T. Christensen
SBN: 24101222
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

&

Drew Davis
TN Bar No. 32059
drew@donatilaw.com
William B. Ryan
TN Bar No. 20269
billy@donatilaw.com
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Tel: (901) 278-1004
Fax: (901) 278-3111

**ATTORNEYS FOR PLAINTIFF**

11

## CERTIFICATE OF SERVICE

This is to certify that on this day, December 11, 2019, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record.

**BUTLER SNOW LLP**
Robert L. Crawford
larry.crawford@butlersnow.com
Gadson W. Perry
will.perry@butlersnow.com
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201

**Counsel for International Paper Co.**

*/s/ Roland Christensen*
Roland Christensen